UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY TONEY,  )
          Plaintiff,  )
)    No. 1:18-cv-37
-v-  )
)    Honorable Paul L. Maloney
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER'S DECISION

This lawsuit is an appeal of the final decision denying Social Security disability benefits. The magistrate judge issued a report recommending the Commissioner's decision be affirmed. (ECF No. 14.) Plaintiff Kristy Toney filed objections. (ECF No. 14.) Having reviewed the objections de novo, the report and recommendation will be adopted.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objection 1 – The ALJ failed to properly weigh the medical opinion evidence

Plaintiff argues the ALJ failed to give sufficient weight to the medical opinion of Dr. Gottlieb, a treating physician. The relevant discussion occurs on page 10 of the ALJ's opinion

(ECF No. 7-2 PageID.83.) The magistrate judge concluded that multiple physical examinations supported the ALJ's analysis. In her objection, Plaintiff points to multiple pages of the administrative record where she claims there is objective evidence to support Dr. Gottlieb's opinion.

This objection is overruled. The ALJ identified multiple reasons to give Dr. Gottlieb's opinion "little weight." On a questionnaire, Dr. Gottlieb identified medical issues at a portion of Plaintiff's spine, L4 through S1, as the source of the Plaintiff's physical limitations. Before discussing Dr. Gottlieb's opinion, the ALJ summarized Plaintiff's medical history, including her most recent physical examinations. While not explicitly referring to those physical examinations, the ALJ identified the observations from those physical exams as some of the reasons for discounting Dr. Gottlieb's opinions. Plaintiff could walk with a limp (antalgic gait) and had full strength in her upper and lower extremities. And, the objective evidence showed Plaintiff was neurologically intact, her lumbar fusion was stable, her degeneration was mild, and she could manage her symptoms with medications and injections. In other words, the abnormalities Plaintiff identifies as supporting Dr. Gottlieb's opinion are inconsistent with the manner in which Plaintiff physically presented to other medical professionals. The ALJ's conclusion is adequately supported by the record.

On this same objection, the ALJ's use of the word conservative to describe Plaintiff's course of treatment does not constitute an error that requires a different outcome. The ALJ acknowledged that Plaintiff received and would continue to receive treatment, although was not a candidate for surgery.

Objection 2 – The ALJ failed to properly determine Plaintiff's residual functional capacity (RFC)

Plaintiff argues the ALJ failed to cite any specific medical facts to support Plaintiff's RFC. The magistrate judge concluded otherwise, finding that the ALJ did evaluate the medical evidence to form an assessment of her RFC. In her objection, Plaintiff argues the ALJ's decision is insufficient to permit a meaningful review.

This objection is overruled. The ALJ's discussion of Plaintiff's RFC spans almost seven pages. The ALJ accurately summarized the medical record, including multiple physical exams. At the conclusion of this section of the decision, the ALJ summarizes Plaintiff's physical abilities and limitations. The ALJ's decision is supported by the medical record. And, the decision is sufficient to permit a meaningful review.

Objection 3 – The ALJ failed to properly evaluate Plaintiff's testimony

Plaintiff argues the ALJ did not offer a single good reason to discount Plaintiff's subjective allegations. The ALJ concluded that the objective evidence did not support Plaintiff's own descriptions of her limitations. The magistrate judge found that the ALJ's resolution of Plaintiff's credibility was supported by the record. Plaintiff objects.

This objection is overruled. Plaintiff simply disagrees with both the ALJ and the magistrate judge. The ALJ did identify medical evidence in the record that he found inconsistent with Plaintiff's subjective allegations. That passage was quoted at length in the report and recommendation. Under these circumstances, this Court will not disturb the ALJ's credibility determination.

For these reasons, the Report and Recommendation (ECF No. 14) is **ADOPTED** as the Opinion of this Court.  Plaintiff's appeal of the denial of disability benefits is **DENIED** and the decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

Date:  January 9, 2019                                   /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge